**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42637**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 2** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 7, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **NATASHA LYNN BLY,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment of conviction for possession of a controlled substance, <u>vacated</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Natasha Lynn Bly appeals from her judgment of conviction entered upon her conditional guilty plea to possession of a controlled substance. Bly challenges the district court's denial of her motion to suppress. For the reasons set forth below, we vacate.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts were revealed through testimony and were set forth by the district court in denying Bly's motion to suppress. The Nampa Police Department had received evidence of significant drug activity occurring at hotels located near the downtown area of Nampa. While patrolling the area, an officer ran the license plates of one of the cars legally parked in the parking lot of a motel. The search revealed that the owner of the car was a male with an active drug-related warrant. After the officer unsuccessfully tried to locate the owner of

1

the car inside the hotel, the officer witnessed three women pull up in another vehicle, enter the hotel for a few minutes, and then leave. He believed that their behavior was consistent with a drug transaction. At no time did the officer see Bly interact with the women, nor did the officer form any belief that Bly was associated with the women.

At some point during the officer's observation of the hotel, he received information that there were two males on foot in the area, possibly armed, that were eluding police officers. The officer suspected that these men might be connected to the vehicle he had been watching. Shortly after the three women left the hotel, the officer witnessed Bly exit the hotel and approach the same car the officer had been watching. Bly got into and out of the car several times before she finally drove the car from the east side of the parking lot over to the west side of the parking lot. She parked the car, reentered the hotel, and then immediately came back out. The officer approached Bly and told her to "hold on a minute."

While interacting with Bly, the officer noticed that Bly smelled like burnt marijuana, had bloodshot eyes, slurred speech, and blisters on her tongue consistent with smoking marijuana. The officer then physically detained Bly. During a search incident to arrest, officers found methamphetamine. The State charged Bly with possession of a controlled substance. Bly moved to suppress all evidence, arguing that it was discovered as a result of an unlawful detainment. Although the district court found that Bly was detained when the officer told her to "hold on a minute," the court found that the detention was reasonable.[1] Bly entered a conditional guilty plea to possession of a controlled substance, Idaho Code § 37-2732(c)(1). She reserved her right to appeal the denial of her motion to suppress.

## II.

## ANALYSIS

On appeal, Bly argues that the district court erred by denying her motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a

---

[1] Although not at issue in this appeal, the court did suppress Bly's statements admitting to marijuana use because she made the statements after being arrested without *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436 (1966).

suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

In this case, the district court found, and the State does not dispute, that Bly was detained pursuant to an investigative detention when the officer instructed her to "hold on a minute." The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Generally, evidence obtained as a result of an unreasonable search or seizure must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963). And typically, seizures must be based on probable cause to be reasonable. *Florida v. Royer*, 460 U.S. 491, 499-500 (1983). However, limited investigatory detentions, based on less than probable cause, are permissible when justified by an officer's reasonable articulable suspicion that a person has committed, or is about to commit, a crime. *Id.* at 498. Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts. *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The quantity and quality of information necessary to establish reasonable suspicion is less than that necessary to establish probable cause. *Alabama v. White*, 496 U.S. 325, 330 (1990). Still, reasonable suspicion requires more than a mere hunch. *Id.* at 329. Whether an officer possessed reasonable suspicion is evaluated based on the totality of the circumstances known to the officer at or before the time of the detention. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *Sheldon*, 139 Idaho at 983, 88 P.3d at 1223.

The State points to the following facts available to the officer before Bly's detention to support finding the detention justified: (1) Bly was in a high drug-crime area; (2) there was other activity taking place in the area that was consistent with a "drug transaction"; (3) Bly accessed and drove a car belonging to a suspect with an outstanding warrant; and (4) Bly exhibited strange behavior by getting into and out of the car several times and by relocating the car within the same parking lot. The State suggests that the officer, being trained in drug interdiction, was justified in his suspicion that criminal activity was afoot based upon the totality of the circumstances.

Bly argues, and we agree, that none of these facts, when considered independently, would be sufficient to establish reasonable suspicion particularized to her. Bly's presence in a high-

crime area, without more, is insufficient. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("An individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable particularized suspicion that the person is committing a crime."). Bly's proximity to the group of men and women suspected of criminal activity, without more, is also insufficient. *See Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) (holding that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause"). Bly's implicit association with the car owner who had an outstanding warrant for drug-related activity is insufficient. *See Sibron v. New York*, 392 U.S. 40, 64 (1968); *see also United States v. Hudson*, 405 F.3d 425, 438 (6th Cir. 2005) (holding that "reasonable suspicion . . . must rest on specific facts . . . tending to show that the person stopped is in fact the person wanted in connection with a criminal investigation"). And, Bly's lawful, albeit unusual, conduct of entering the car numerous times and then relocating it within the same parking lot is not enough. *See White v. State*, 846 S.W.2d 427, 431-32 (Tex. Ct. App. 1992) (holding "eccentric or strange behavior must rise to the level of indicating criminal activity to justify detention").

However, as set forth above, our analysis of the reasonableness of the suspicion must be evaluated based upon the totality of the circumstances. The Supreme Court has previously held that otherwise innocent acts, when considered together, can be sufficiently suspicious so as to justify an investigative detention. *United States v. Sokolow*, 490 U.S. 1, 9-10 (1989). An officer can utilize law enforcement training to draw reasonable inferences based upon objective facts to justify his or her suspicion that criminal activity is afoot. *Cortez*, 449 U.S. at 418; *State v. Roe*, 140 Idaho 176, 180, 90 P.3d 926, 930 (Ct. App. 2004).

Here, none of the objective circumstances preceding the officer's detention of Bly justify his suspicion that she was involved in criminal activity. The officer did not testify to any facts connecting Bly to the women suspected of engaging in drug-related activity. The only fact linking the women with Bly was that they exited from the same public hotel--there was no indication that they came from the same hotel room. *But see State v. Crooks*, 150 Idaho 117, 122, 244 P.3d 261, 266 (Ct. App. 2010) (holding that reasonable suspicion was justified where officer knew that drug transactions were occurring in the specific apartment where defendant was located). Likewise, the officer could not articulate any objective facts connecting the males eluding officers to the car that Bly was accessing; his belief that they were somehow related was

4

nothing more than a hunch based on proximity. Additionally, beyond generally stating that Bly's behavior in accessing the car was "strange or suspicious," the officer did not articulate any basis to support a reasonable inference that she had either committed, or was about to commit, a crime.

In *State v. Holcomb*, 128 Idaho 296, 912 P.2d 664 (Ct. App. 1995), we held that the officers' reasonable suspicion that the defendant was engaged in criminal activity was justified where they observed the defendant and his companion "bending over and engaging in body movements that were consistent with inhalation of drugs." *Id.* at 302, 912 P.2d at 670. This case is distinguishable from *Holcomb* because here, the officer articulated no basis justifying why Bly's conduct in accessing and relocating the car was consistent with criminal activity.

Furthermore, although the officer testified that he considered Bly's behavior suspicious based upon the totality of the circumstances, when pressed, he admitted to approaching Bly for the purpose of locating the owner of the car. He acknowledged that he had written in his police report that he stopped Bly "in an attempt to locate the registered owner [of the car] who had a confirmed warrant." This motivation is understandable, but it does not negate Fourth Amendment guarantees.

In *State v. Pike*, 551 N.W. 2d 919 (Minn. 1996), the court held that it was reasonable for the officer to presume that the driver of a car was its owner, thus justifying the officer's detention of the driver based upon the owner's revoked license. *Id.* at 922. However, the court limited its holding stating:

> This holding . . . applies only while the officer remains unaware of any facts which would render unreasonable the assumption that the owner is driving the vehicle. Thus, for example, if the officer knows that the owner . . . is a 22-year-old male, and the officer observes that the person driving the vehicle is a 50- or 60-year-old woman, any reasonable suspicion of criminal activity evaporates. Absent other articulable facts which would give rise to such suspicion, it would be unconstitutional for the officer to make a stop in such a situation.

*Id.* We agree with the *Pike* court's reasoning. Here, the officer's observation of a "slender female" driving or accessing a car owned by a male with an outstanding warrant could not establish reasonable suspicion to justify her detainment. Absent other articulable facts that Bly was engaged in criminal activity herself, the officer's detainment was unjustified. Therefore, we hold the district court erred in denying Bly's motion to suppress.

## III.

## CONCLUSION

Looking at the facts known to the officer and the inferences reasonably drawn from the totality of those circumstances, we hold that the facts presented by the State do not support a reasonable suspicion that Bly was involved in criminal activity. Therefore, we hold that the district court erred in denying Bly's motion to suppress. Accordingly, we vacate Bly's judgment of conviction.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.