**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49421**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 28, 2023** |
| Plaintiff-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CODI RICHARD HILL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order granting motion to suppress, <u>affirmed</u>.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for appellant.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for respondent.

---

GRATTON, Judge

The State of Idaho appeals from the district court's order granting Codi Richard Hill's motion to suppress evidence found on his person subsequent to a detention. The State argues the district court erred in ruling the deputy unlawfully prolonged the detention to confer with Hill's probation officer. For the following reasons, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A deputy with the Kootenai County Sheriff's office was notified by a concerned citizen that a man was behaving oddly and collecting rocks on a nearby road. The deputy proceeded to the area and discovered Hill standing in the middle of a rural road. The deputy approached Hill and asked for his name. When the deputy relayed the name to dispatch it did not return any matches. The deputy asked Hill if he had provided an incorrect name and eventually Hill provided

1

his legal name. Dispatch then informed the deputy that Hill was on probation and that he had an intellectual disability. The deputy requested Hill's probation officer contact him.

While the deputy reviewed Hill's information and the statute prohibiting pedestrians on roadways, Idaho Code § 49-708(2), the probation officer called. The deputy and the probation officer spoke for approximately three minutes about the incident. The deputy relayed the events of the encounter and asked if there was anything else the probation officer wanted done. The probation officer asked the deputy to conduct a compliance check and instruct Hill to report to the probation officer in the morning. The deputy did not work on Hill's citations while he spoke with the probation officer. After the call, completion of the citations for being in the road in violation of I.C. § 49-708(2), and providing a fictitious name, Hill was informed that the deputy would be conducting a probation compliance check. Hill then admitted he had narcotics in his pocket and was arrested.

The State charged Hill with possession of methamphetamine and providing false information to law enforcement. Hill filed a motion to suppress. Hill asserted the deputy impermissibly deviated from the purpose of the initial investigation in order to speak with his probation officer thereby unlawfully prolonging the detention. The State argued the deputy had a reasonable articulable suspicion justifying Hill's detention for being on the roadway that expanded when Hill provided a false name. The State asserted Hill's probation status inquiry occurred while the deputy was pursuing the initial investigation. The district court granted the motion to suppress, ruling that the deputy extended the seizure when he called the probation officer and that the detour unlawfully prolonged the detention. The State timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

## III.

## ANALYSIS

On appeal, the State argues the deputy acquired reasonable suspicion that Hill violated his probation, which justified the probation inquiries. The State further contends that, as a probationer, Hill had a reduced expectation of privacy and that the time conferring with Hill's probation officer did not unreasonably prolong the detention. Hill asserts the State did not argue below that the detention was lawful due to reasonable suspicion that Hill violated his probation, and therefore, the theory is not preserved on appeal. Additionally, Hill argues the deputy unlawfully prolonged the detention by talking with the probation officer.

The State argued below that both the discovery of Hill's probation status and the call with his probation officer occurred while the deputy was actively pursuing the investigation. The State also argued that contacting the probation officer was similar to a warrants check, and therefore, was negligibly burdensome and sufficiently incidental to the general mission of the detention. As to the second theory, the State claimed any contact with a probation officer would be justified whenever the officer knows the person is on probation. On appeal, the State asserts that once the deputy learned Hill was on probation, he obtained independent suspicion that Hill had violated his probation, and thus, the prolonged detention did not violate the Fourth Amendment.

Appellate court review generally remains limited to the issues, positions, and theories presented below. *State v. Vivian*, 171 Idaho 79, 86, 518 P.3d 378, 385 (2022); *State v. Wilson*, 169 Idaho 342, 347, 495 P.3d 1030, 1035 (2021); *State v. Hoskins*, 165 Idaho 217, 221, 443 P.3d 231, 235 (2019); *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). This limitation applies equally to all parties on appeal. *Garcia-Rodriguez*, 162 Idaho at 276, 396 P.3d at 705. A party preserves an issue for appeal by properly presenting the issue with argument and authority to the trial court and noticing it for hearing *or* a party preserves an issue for appeal if the trial court issues an adverse ruling. *State v. Miramontes*, 170 Idaho 920, 924-25, 517 P.3d 849, 853-54 (2022).

Issues not raised below will not be considered on appeal and the parties may not argue a new theory for the first time on appeal. *State v. Fox*, 170 Idaho 846, 866, 517 P.3d 107, 127 (2022). The State cannot offer a justification for a search or seizure based on a new argument or theory not presented below. *State v. Gonzales*, 165 Idaho 667, 672-73, 450 P.3d 315, 320-21 (2019). Refined issues on appeal are acceptable so long as the substantive issue *and the party's*

3

*position on that issue* remain the same. *Wilson*, 169 Idaho at 346, 495 P.3d at 1034. Both the issues and a party's position on that issue must be argued to or decided by the trial court. *Id.* at 347, 495 P.3d at 1035; *State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998). Even an argument that is not the central focus below may be preserved if sufficiently articulated. *See Miramontes*, 170 Idaho at 924-25, 517 P.3d at 853-54.

On appeal, the State argues the deputy's conversation with the probation officer was permissible because the deputy learned that Hill was on probation, and therefore, had reasonable suspicion that Hill had violated the terms of his probation by committing two offenses--being in the road in violation of Idaho Code and providing a fictitious name. This argument is different from the arguments advanced in the district court that during the call with the probation officer the deputy was actively pursuing the investigation and/or that the discussion was, under the circumstances, an incidental inquiry to the initial investigation. The State did not argue below that the deputy had an independent reasonable suspicion that Hill had violated his probation or the terms thereof,[1] and the district court made no determination as to that issue.

The preservation requirement in suppression cases places the burden on the State to prove the facts necessary to establish an exception to the warrant requirement. *State v. Islas*, 165 Idaho 260, 268, 443 P.3d 274, 282 (Ct. App. 2019). The specific exception to the warrant requirement must be raised in the district court to preserve it on appeal. *Id.* This Court held the State must argue a specific warrantless search exception, present relevant evidence for that exception, and argue it to the district court. *Id*.

In *Garcia-Rodriguez*, the State argued the arrest was valid under I.C. § 49-301(1), but then on appeal the State asserted a new argument that suppression is not warranted for violation of a state statute. *Garcia-Rodriguez*, 162 Idaho at 274-75, 396 P.3d at 703-04. The Court held that the State could not justify the search based on an argument presented for the first time on appeal even if the argument is meritorious. *Id.* at 275, 396 P.3d at 704. *See Wilson*, 169 Idaho at 347, 495 P.3d at 1035 (the State failed to address the timing of an officer's reasonable suspicion, and could not do so for the first time on appeal); *Hoskins*, 165 Idaho at 221, 443 P.3d at 235 (finding the State argued consent below and therefore the plain-view doctrine argument not preserved on appeal);

---

[1] The State argues on appeal that it is simply common knowledge that Hill's citable offenses would be a violation of his probation.

4

*Gonzales*, 165 Idaho at 672-73, 450 P.3d at 320-21 (the State could not argue new instance of seizure and attenuation doctrine for the first time on appeal).

The State's new theory, that reasonable suspicion of a probation violation permitted the officer to deviate from the initial investigation regarding the infraction and/or false information to talk to the probation officer, is not preserved on appeal because it impermissibly raises new issues. In its reply brief, the State asserts that the thrust of its argument below was generally that contacting the probation officer was within the scope of the detention. The State claims that its reasonable suspicion of a probation violation argument on appeal is merely a refinement of the argument regarding the extension of the investigation raised below. The State's contention that the deputy's reasonable suspicion, independently created from discovering Hill's probation status and instant offense, is not a mere refinement of the reasonable inquiries argument raised below and is not preserved on appeal.

The State argued below that (1) the stop was not prolonged because the call occurred while the deputy was actively pursuing the original investigation; and (2) any extension for contacting a probation officer was negligently burdensome and sufficiently incidental to the general goals of the stop itself where it is not an expansion. However, the State does not advance those arguments in its appellant's brief. Therefore, since the only issue raised on appeal by the State to justify the probation questioning during the stop is unpreserved, we affirm the district court's order granting Hill's motion to suppress.

## IV.
## CONCLUSION

The State did not preserve the reasonable suspicion of a probation violation claim raised on appeal. Accordingly, the district court's order granting Hill's motion to suppress is affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

5