# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51757

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ROBERT WILLIAM WATTS,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: October 6, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Robert William Watts appeals from his judgment of conviction for possession of a controlled substance. On appeal, he challenges the district court's denial of his motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Blackfoot City Police Officer Manny Delacruz stopped Watts after observing him drive his vehicle over the solid white line into a bike lane. Officer Delacruz asked Watts for his driver's license, registration, and insurance. Watts provided his driver's license but took some time to unsuccessfully search for the other items. During their interaction, Officer Delacruz noticed that Watts appeared nervous, shaky, talkative, his pupils were constricted, and he was missing teeth. Officer Delacruz later testified that, based on his training and experience, Watts's behavior and physical appearance were consistent with someone who is under the influence of an illegal

1

substance. Officer Delacruz returned to his patrol vehicle to check Watts's information. Officer Pentrack arrived on the scene. As Officer Delacruz was waiting for dispatch to return his request for information, he asked Officer Pentrack to look at Watts's eyes (to help train Officer Pentrack with information Officer Delacruz had received at a recent Drug Recognition Expert (DRE) training). Officer Pentrack confirmed that Watts's pupils were constricted.

Based on the officer's on-body camera video, before Officer Delacruz received any response from dispatch, and without issuing Watts a ticket or a warning, the officer returned to Watts's vehicle and asked him to step out to address the officer's suspicions about Watts's use of illegal substances. Watts admitted to using illegal substances previously but declined Officer Delacruz's request to search Watts's vehicle. Watts also asked the officer about the legal consequences of having marijuana and PCP in his vehicle. Eventually, Watts admitted he had methamphetamine in his vehicle and voluntarily gave a pill bottle with the substance in it to Officer Delacruz.

The State charged Watts with one count of possession of a controlled substance (Idaho Code § 37-2732(c)(1)). Pursuant to a plea agreement, Watts pled guilty to the charge, reserving his right to appeal the motion to suppress. Watts timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Watts argues the district court erred when it denied his motion to suppress. According to Watts, Officer Delacruz unlawfully prolonged the traffic stop absent reasonable suspicion;

therefore, the district court should have granted his motion to suppress the evidence obtained during the traffic stop. In response, the State alleges the district court correctly determined that the extension of the traffic stop was supported by reasonable suspicion.

The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures. "The stop of a vehicle by law enforcement constitutes a seizure of its occupants to which the Fourth Amendment applies." *State v. Linze*, 161 Idaho 605, 607-08, 389 P.3d 150, 152-53 (2016). The reasonableness of such a stop is analyzed as an investigative detention. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). An investigative detention does not require an officer to have probable cause to believe that a crime has been committed, but the detention must be based on something "more than a mere hunch or inchoate and unparticularized suspicion." *State v. Gonzales*, 165 Idaho 667, 673, 450 P.3d 315, 321 (2019). The detention must be supported by specific, articulable facts, that the detained party has committed, is committing, or is about to commit a crime. *Terry v. Ohio*, 392 U.S. 1, 19-20 (1968).

The district court found that the following circumstances justified Officer Delacruz expanding the scope of Watts's detention: (1) Officer Delacruz noticed Watts had constricted pupils; (2) Watts was shaky and talkative; (3) Watts appeared nervous; (4) Watts was missing teeth; and (5) Officer Delacruz had just finished training that focused on recognition of illegal substance use. The State does not argue, and we do not hold, that any of the circumstances independently created reasonable, articulable suspicion to justify extending the traffic detention for further investigation. *See State v. Bly*, 159 Idaho 708, 710, 366 P.3d 193, 195 (Ct. App. 2016) (holding strange or unusual behavior by itself is not enough to establish reasonable suspicion); *see also State v. Grigg*, 149 Idaho 361, 364, 233 P.3d 1283, 1286 (Ct. App. 2010) (holding that bloodshot eyes alone are not enough to establish reasonable suspicion of intoxication). Instead, the State contends that, under the totality of the circumstances, Officer Delacruz had reasonable, articulable suspicion to extend the scope of the traffic stop to question Watts about his use of illegal substances.

Officer Delacruz had not completed the initial traffic stop when he requested Watts exit his vehicle and started discussing Watts's potential use of illegal substances. If the duration of the stop is not prolonged and the stop was otherwise lawful, the scope of the stop can be lawfully expanded to include an unrelated check without independent reasonable suspicion. *State v.*

3

*Pylican*, 167 Idaho 745, 754, 477 P.3d 180, 189 (2020). A traffic stop's purpose to cite a driver for a traffic violation is complete once an officer prepares, serves, and explains a traffic citation, and returns the driver's documentation. *State v. Galindo*, 171 Idaho 526, 529-30, 522 P.3d 1284, 1287-88 (Ct. App. 2022). The purpose of a stop is not fixed at the time the stop is initiated, and any routine traffic stop might turn up suspicious circumstances which could justify an officer asking questions unrelated to the initial purpose for the stop. *State v. Parkinson*, 135 Idaho 357, 362, 17 P.3d 301, 306 (Ct. App. 2000); *State v. Myers*, 118 Idaho 608, 613, 798 P.2d 453, 458 (Ct. App. 1990).

Watts does not contest the legitimacy of the initial traffic stop. The record shows that Officer Delacruz initiated his inquiry into Watts's possible use of illegal substances approximately six minutes after the initial traffic stop began. At that point, Officer Delacruz had not yet received a response from dispatch with Watts's information, nor had Officer Delacruz indicated that he was ready to issue a citation or warning for the traffic violation or for Watts's failure to provide proof of insurance. Nothing in the record indicates that Officer Delacruz could or should have been able to run Watts's information and issue him a warning or a citation within those six minutes. In fact, during the initial stop, Officer Delacruz observed behavior and physical cues that, based on his training and experience, were indicative of an individual who was under the influence of illegal substances. Therefore, Officer Delacruz's inquiry about Watts's use of illegal substances was reasonable, and Officer Delacruz was still pursuing reasonable inquiries as the encounter with Watts progressed. Accordingly, the record does not show that the purpose of the stop had ended at the time the officer initiated questioning about Watts's potential illegal substance use.

Even if the purpose of the traffic stop was concluded, the circumstances observed before Officer Delacruz extended the encounter provided reasonable suspicion that Watts was under the influence of illegal substances, thereby justifying Officer Delacruz's inquiry into matters beyond the initial purpose of the stop. Where a detention is justified by a traffic violation, "[a]uthority for the seizure . . . ends when tasks tied to the traffic infraction are--or reasonably should have been--completed." *State v. Hale*, 168 Idaho 863, 867, 489 P.3d 450, 454 (2021). "[A] traffic stop may be permissibly extended if, during the course of effectuating the stop's mission, officers develop reasonable suspicion of some unrelated criminal offense." *Id*. at 868, 489 P.3d at 455.

4

Whether an officer's suspicion is reasonable is evaluated under the totality of the circumstances. *United States v. Cortez*, 449 U.S. 411, 417 (1981).

Officer Delacruz testified that, when he approached Watts's vehicle, Officer Delacruz immediately observed that Watts had constricted pupils, appeared nervous, spoke rapidly, and was shaking. Officer Delacruz had recently completed advanced drug recognition training and, given his training and experience, could not find a sufficient explanation for Watts's constricted pupils outside of illegal substance use. According to Officer Delacruz, Watts's physical appearance, namely his missing teeth, also suggested potential use of illegal substances. In Officer Delacruz's training and experience, Watts exhibited multiple signs that he was under the influence of illegal substances during the traffic stop. Based on the record and Officer Delacruz's testimony, we conclude that Officer Delacruz possessed reasonable suspicion--independent from the reason for the initial traffic stop--that Watts was driving under the influence of illegal substances. Thus, Officer Delacruz was justified in extending the duration of the traffic stop to further investigate the potential use of illegal substances. Based on a review of the totality of the circumstances, Watts has failed to show that the district court erred in finding that Officer Delacruz possessed reasonable suspicion sufficient to allow for further inquiry into Watts's potential use of illegal substances.

## IV.
### CONCLUSION

Watts fails to demonstrate that the district court erred in denying his motion to suppress. Consequently, Watts's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.