2 P.3d 153

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Judy DEVORE, Defendant–Appellant.**

No. 25227.

Court of Appeals of Idaho.

April 12, 2000.

Ronaldo A. Coulter, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant. Sara B. Thomas argued.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, for respondent. Alison A. Stieglitz argued.

SCHWARTZMAN, Judge.

Judy Devore appeals from the district court's denial of her motion to suppress evidence. Additionally, she appeals from the three-year term of probation on her suspended sentence of ten years with three years fixed, imposed upon her conditional guilty plea to possession of a controlled substance with intent to deliver. For the reasons set forth below, we affirm.

## I.

### BACKGROUND

On March 11, 1998, at approximately 9:00 p.m., probation officers Mike Moser, Tammy Graybeal and Sandy Hamilton arrived at 1008 Davidson, the home of Devore, looking for Brian Blaskey, a felony probationer. Two weeks prior, hypodermic needles had been found in a search of Blaskey's vehicle. Blaskey's probation officers were also aware that the Kootenai County Drug Task Force

was watching Devore. The officers had previously ordered Blaskey to have no contact with Devore. Blaskey had lived with Devore in the past, and had not been staying where he was supposedly living. The officers intended to search Blaskey's residence and now believed he had again taken up living with Devore.

As the officers approached Devore's house, they saw Blaskey's vehicle parked in back. Because Blaskey had been belligerent in the past, they requested assistance from law enforcement. Once the police officers arrived, the probation officers and police approached the home. They saw Blaskey, dressed in a T-shirt and vest, carrying a load of wood toward the house. Moser stopped Blaskey and asked him how long he had been living there. Blaskey said he did not live with Devore. When Moser asked Blaskey where he was sleeping, Blaskey indicated Devore's residence. The officers then followed Blaskey into the house.

Inside, Moser saw a girl, later identified as Devore's daughter, seated on the couch in the living room. The girl told Moser that Blaskey did not live there, that he just came and went. In response to her daughter's calls, Devore entered the living room. Devore denied that Blaskey lived with her. However, when Moser asked her where Blaskey had been sleeping, she pointed to the bedroom from which she had just emerged.

As Moser told Devore that the officers needed to do a search of the bedroom, she became frantic and bolted for that room. Devore did not respond to Moser's command to stop, so he followed her to the doorway of the bedroom where he saw her placing items into a safe containing a bag of hypodermic needles and a box. Devore then locked the safe with a key and placed the safe into the bedroom closet. Along the bedroom wall, Moser observed a cardboard box containing men's clothing and a day planner book. When Devore returned to the living room, Moser asked her for permission to search the safe. Devore said "no," that the safe was hers, and that Blaskey had nothing in it. Devore claimed that she was collecting the needles for a needle exchange. Blaskey's arms, however, revealed fresh needle marks.

Devore then told Moser to get a search warrant, but he said he did not need one because he was there on a probation search and she had signed a consent to search form one year earlier when Blaskey had been living with her. Moser offered Devore several options: (1) she could consent to a search of the safe; (2) Moser could take the safe and then get a search warrant for it; or (3) he could call the drug task force and make a statement of what he had seen in an affidavit in support of a search warrant. Devore eventually relented and opened the safe. Methamphetamine was discovered inside the safe.

After being advised of her *Miranda* rights, Devore signed a consent to search form and the officers searched the bedroom. The search revealed a syringe, a baggie, a drug pipe and scales–all containing powdery residue. The search also uncovered a Federal Express package, letters, and a phone bill–all addressed to Blaskey at 1008 Davidson.

Devore was charged with possession of a controlled substance with intent to deliver, I.C. § 37–2732(a)(1)(A). She moved to suppress the evidence. At the suppression hearing, Officers Carpenter and Moser testified to the above facts. Devore did not testify. The district court denied Devore's suppression motion. Thereafter, Devore entered an I.C.R. 11(a)(2) conditional plea of guilty, reserving the right to appeal the denial of her suppression motion. Devore was thereafter sentenced to a term of ten years imprisonment with three years fixed, suspended, with supervised probation for three years. This appeal follows.

## II.

## ANALYSIS

### A. Standard of Review

■ The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State*

*v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996).

### B. Facts Regarding Blaskey's Residence

■ At the suppression hearing, Moser testified that prior to going to 1008 Davidson, he and the other probation officers were aware of the following facts:

> [that Blaskey] had lived there in the past and had been told not to have any more contact or stay there, had repeatedly gone back to the residence despite being told to stay away; that the probation officer who supervised him had checked where he was supposedly living and found out that he had not been staying there; and that when he did not stay there, he generally stayed at Judy Devore's house.

Moreover, Blaskey's relatives had been recently questioned regarding where Blaskey was residing and they had indicated that he was again living with Devore. This information, coupled with the officers' personal observations of and conversation with Blaskey, gave them a reasonable basis to believe that Blaskey was now residing with Devore. There is substantial and competent evidence in the record to support the district court's finding that Blaskey did indeed reside with Devore.

### C. The Officers' Entry Into Devore's Residence And The Search Of Devore's Safe Containing Hypodermic Needles and Methamphetamine

■ Although a warrantless entry or search of a residence is generally illegal and violative of the Fourth Amendment, such an entry or search may be rendered reasonable by an individual's consent. *State v. Gawron,* 112 Idaho 841, 736 P.2d 1295 (1987); *State v. Johnson,* 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta,* 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct.App.1998). Searches conducted pursuant to the supervision of probationers and parolees are another exception to the warrant requirement of the Fourth Amendment of the United States

Constitution and art. I, § 17 of the Idaho Constitution. *State v. Peters,* 130 Idaho 960, 962, 950 P.2d 1299, 1301 (Ct.App.1997). A search need fall within only one exception to be constitutional. *State v. Molina,* 113 Idaho 449, 452, 745 P.2d 1070, 1073 (Ct.App.1987).

■ The scope of this latter exception, first examined by this Court in *State v. Pinson,* 104 Idaho 227, 657 P.2d 1095 (Ct.App. 1983), may require that a probation officer have (a) reasonable grounds to believe that the probationer has violated a term of probation and (b) that the search be reasonably related to disclosure or confirmation of such a violation. *Id.* at 233, 657 P.2d at 1101. Devore cites *Pinson* for the proposition that a search pursuant to the administration of probation must have a factual basis and cannot be based upon rumor, reputation, or whim. However, *Pinson* is inapplicable here. Pinson, a parolee, had not consented to warrantless searches as a condition of his parole. Blaskey, by contrast, had waived his Fourth Amendment rights as a condition of his probation. The "reasonable grounds" requirement for warrantless searches by probation or parole officers does not apply when the subject of the search has entered into a probation or parole agreement that includes a consent to warrantless searches. *State v. Gawron,* 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987). *See also State v. Pecor,* 132 Idaho 359, 364, 972 P.2d 737, 742 (Ct.App. 1998); *State v. Peters,* 130 Idaho at 963, 950 P.2d at 1302.

■ The district court, as the trier of fact, expressly found that Devore's consent on March 11, 1998 was irrelevant because Blaskey was residing with Devore and the back bedroom Devore occupied was being shared with Blaskey. While the district court determined that the search was reasonable on the basis of Blaskey's consent to searches of his residence, we choose to analyze the search under an alternative theory—Devore's consent.[1] *See State v. Bowman,* 134 Idaho 176, 997 P.2d 637 (Ct.App.2000).

---

1. We find it unnecessary to consider whether the probation officers could search Devore's safe based solely upon Blaskey's waiver of his Fourth Amendment rights as a term of his probation.

*See State v. James,* 963 P.2d 1080, 1084 (Alaska Ct.App.1998) (where probationer resides with another person not on probation, probation officers may search all areas of the living quarters that

One year before the events giving rise to this case, presumably as a condition of the probation officer's consent to allow Blaskey to continue residing in Devore's home, Devore and her daughter had each signed a Department of Correction's form notifying them that Blaskey was a felony probationer whose person, residence and possessions were subject to search without a search warrant or probable cause.[2] The search notification form authorized probation officers to search Devore's home without a warrant in conjunction with the Department of Correction's supervision of Blaskey. We conclude that the search notification form was both a consent and a notice of assumption of the risk that comes with residing with a felony probationer who has also consented to warrantless searches.

Thus, the fact that Devore did not give her "consent" to the officers' entry into her home on March 11, 1998 is not determinative. She had previously given her consent to search on March 12, 1997, when she signed the search notification form. Blaskey apparently did not stop residing with Devore, even when ordered to do so by his probation officers. As the district court aptly phrased it, "like a thief in the night, he kept coming back."

The officers had Blaskey's consent to search his place of residence as well as Devore's consent to search while Blaskey resided in her household; they could, therefore, legally search those areas of Devore's home shared with Blaskey. The district court found that the safe was being kept in a shared bedroom jointly used by the two of them. Given the needle marks on Blaskey's arms and the needles in the safe, the probation officers reasonably believed that the safe contained items Blaskey shared with Devore which were kept in a joint bedroom. The

district court's determination is supported by substantial and competent evidence.

Accordingly, we uphold the entry into the residence and subsequent search based upon Devore's written acknowledgement that Blaskey had waived his Fourth Amendment rights as a term of his probation and her consent and assumption of the risk of cohabitating with a felony probationer when she signed the Department of Correction's search notification form one year earlier.

## D.  Excessive Sentence

Devore pled guilty to one count of possession of a controlled substance, methamphetamine, with intent to deliver. I.C. § 37–2732(a)(1)(A). The court imposed a unified sentence of ten years, with three years fixed, but suspended the execution of sentence and placed Devore on probation for three years. Devore argues that the now suspended sentence is excessive. We disagree.

■ Where an appellant asserts that the sentencing court imposed an excessive sentence, we conduct an independent review of the record and focus upon the nature of the offense and the character of the offender. *State v. Hernandez*, 121 Idaho 114, 118, 822 P.2d 1011, 1015 (Ct.App.1991); *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). Under I.C. § 37–2732(a)(1)(A), the maximum penalty for delivery of a controlled substance is life imprisonment. Devore may never be imprisoned because the court placed her on probation. Thus, Devore must demonstrate that the district court abused its discretion by placing her on probation for three years.

■ Devore possessed several grams of methamphetamine divided into gram and

---

the probationer has common authority to use). Devore's signature on the search notification form establishes her consent to subsequent searches of areas of the home shared with Blaskey. See footnote 2.

2. The signed search notification form reads as follows:

> I, Jenny Devore and Judy Devore who resides at 1008 Davidson hereby acknowledge that Brian Blaskey is on felony probation/parole and is under the jurisdiction of the Idaho State Division of Field and Community Ser-

vices. As a consequence, the above-referenced individual has waived his/her rights under the Fourth Amendment of the Constitution as applied to search and seizure. I further acknowledge that, I/we am/are subject to the same restrictions and invite any agent of the Department of Correction, Division of Field and Community Services, to search my home without a warrant in conjunction with the above-referenced individual's probation/parole requirements.

quarter gram zip-lock baggies, a marijuana pipe, syringes, snort tubes, a scale and other paraphernalia. She admitted to dealing in methamphetamine, and to using it for the past eight years. Devore's criminal history reveals a misdemeanor conviction for possession of a controlled substance, marijuana, and possession with intent to use drug paraphernalia. Drug dealing is particularly corrosive to the well-being of Idaho communities. Methamphetamine is particularly destructive due to its addictiveness, contribution to criminal activity and damage to its user's mental and physical health.

At the time of sentencing, Devore had completed an inpatient drug treatment program. The court concluded that she was a candidate for probation, imposing a three-year period on a suspended sentence of ten years with three years fixed. Given the epidemic of methamphetamine in Idaho communities, the district court was justified in not trivializing the serious nature of Devore's crime while providing an incentive for rehabilitation. Under no reasonable view of the facts is Devore's sentence excessive. Such sentence was not an abuse of the district court's discretion and is, therefore, affirmed.

## III.

## CONCLUSION

We hold that the officers' initial entry into the residence and subsequent search of the portable safe was pursuant to Devore's prior written acknowledgment and consent to the search of her residence in conjunction with her living with a felony probationer. Therefore, the district court's order denying Devore's motion to suppress and her suspended sentence are affirmed.

Judge LANSING and Judge Pro Tem McLAUGHLIN concur.