IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 35369

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Boise, December 2008 |
| | ) | |
| v. | ) | 2009 Opinion No. 60 |
| | ) | |
| DAVID D. PURDUM, | ) | Filed: April 20, 2009 |
| | ) | |
| Defendant-Appellant. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Oneida County. Hon. Don L. Harding, District Judge.

District court order denying motion to suppress, affirmed.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Eric Don Fredericksen, Deputy State Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen, Deputy Attorney General argued.

---

BURDICK, Justice

Appellant David Purdum raises only one issue on appeal—whether the district court erred in denying his motion to suppress evidence seized as a result of his suspicionless arrest. We affirm the district court's order denying Purdum's motion to suppress.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Purdum was convicted and sentenced for possession of methamphetamine. He was subsequently placed on five years probation, with two conditions that are pertinent to this case: (1) Purdum must "submit to random blood, breath and/or urine analysis upon the request of the Court, his probation officer or any law enforcement official"; and (2) he "shall submit to searches of personal property, automobiles and residence without a search warrant at the request of his probation officer."

1

Two years after Purdum was placed on probation, a police officer who knew of Purdum's probation conditions observed Purdum driving a vehicle at approximately 4:50 p.m. and decided to stop him for a drug test. The officer did not articulate any suspicion that Purdum was violating his probation, engaging in any criminal activity, or in any other way violating the law. As Purdum parked his vehicle in his father's driveway, the officer pulled in behind him in a patrol vehicle. While the officer was pulling in the driveway, Purdum was talking on a cell phone and ran to a shed. The officer activated his patrol lights and sounded his horn to let Purdum know he wished to talk to him. The officer located Purdum in the shed, ordered him out, and asked him why he ran. Purdum continued talking on the cell phone, and after numerous requests that Purdum stop talking, the officer finally advised him he would be arrested for obstructing an officer if he did not hang up the phone.

Purdum hung up the phone and the officer proceeded to pat him down to check for weapons, at which point Purdum "bolted" for the house. The officer apprehended Purdum and placed him under arrest for obstructing an officer. Upon searching Purdum, the officer found two "Bic" lighters and one butane lighter in his pocket. After Purdum was placed in the patrol vehicle, the officer searched Purdum's car incident to arrest and discovered a butane torch with a can of butane, a bottle of Visine, a bottle of urinary supplement pills, and a propane torch. Based on his experience and training, the officer associated these items with drug use, and proceeded to search the motor compartment of the vehicle where he knew drugs were often hidden. The officer found drugs and drug paraphernalia in the air filter compartment.

Purdum was charged with possession of a controlled substance pursuant to I.C. § 37-2732(c)(1). He filed a motion to suppress, arguing that he had been improperly seized without reasonable suspicion and therefore his subsequent arrest and search was invalid. The district court denied the motion, reasoning that "since Mr. Purdum consented to warrantless searches as a term of his probation, and since he consented to allow any probation or law enforcement officer to request a blood, breath, or urine test, the deputy did not need reasonable suspicion to make the stop and search the defendant." Purdum entered a conditional guilty plea, and his appeal was heard by the Idaho Court of Appeals, which affirmed the district court's denial of Purdum's motion to suppress.

2

## II. STANDARD OF REVIEW

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007). In reviewing a district court order granting or denying a motion to suppress evidence, the standard of review is bifurcated. *State v. Watts*, 142 Idaho 230, 232, 127 P.3d 133, 135 (2005). This Court will accept the trial court's findings of fact unless they are clearly erroneous. *State v. Diaz*, 144 Idaho 300, 302, 160 P.3d 739, 741 (2007). However, this Court may freely review the trial court's application of constitutional principles in light of the facts found. *Id*.

## III. ANALYSIS

Purdum argues that the district court erred in denying his motion to suppress because the arresting officer violated Purdum's Fourth Amendment rights by not having any reasonable suspicion or probable cause to initially stop him. We disagree, and find that Purdum consented to submit to random evidentiary tests through his probation conditions, which also constituted implied consent to a limited seizure of his person necessary to effectuate such searches.

The Fourth Amendment to the United States Constitution guarantees the right of every citizen to be free from unreasonable searches and seizures. *State v. Mubita*, 145 Idaho 925, 932, 188 P.3d 867, 874 (2008). "Establishing that a search is reasonable ordinarily requires that the government demonstrate probable cause to a neutral magistrate and obtain a particularized warrant authorizing the search." *United States v. Weikert*, 504 F.3d 1, 6 (1st Cir. 2007). However, "[t]he Fourth Amendment's proper function is to constrain, not against all intrusions, but against intrusions which are not justified in the circumstances, or which are made in an improper manner." *State v. Holton*, 132 Idaho 501, 503, 975 P.2d 789, 791 (quoting *Schmerber v. California*, 384 U.S. 757, 768 (1966)). Therefore, limited exceptions to the warrant requirement exist for intrusions that are "justified in the circumstances," such as where the individual has consented. *Zap v. United States*, 328 U.S. 624, 628 (1946); *see also Schneckloth v. Bustamonte*, 412 U.S. 218, 243 (1973) (". . . the community has a real interest in encouraging consent, for the resulting search may yield necessary evidence for the solution and prosecution of crime . . . .").

While the United States Supreme Court has not yet addressed whether a probationer may waive his Fourth Amendment rights through acceptance of probationary search conditions,[1] this Court has determined that a probationer's consent to searches constitutes a waiver of Fourth Amendment rights. *State v. Gawron*, 112 Idaho 841, 736 P.2d 1295 (1987). In *Gawron*, a detective was investigating recent burglaries where coins and jewelry had been stolen. *Id*. at 841, 736 P.2d at 1295. The defendant's name appeared on a number of pawn tickets for items that matched those taken in the burglaries. *Id*. at 841-42, 736 P.2d at 1295-96. Further investigation revealed that the defendant was unemployed and on probation for a conviction of receiving and disposing of stolen property. *Id*. at 842, 736 P.2d at 1296. One condition of the defendant's probation stated:

> That probationer does hereby agree and consent to the search of his person, automobile, real property, and any other property *at any time and at any place by any law enforcement officer*, peace officer, or probation officer, and does waive his constitutional right to be free from such searches.

*Id*. (emphasis added). The investigating officer determined that a search of the defendant's home was warranted and, during the search, officers found drug paraphernalia and items from the burglaries. *Id*.

This Court upheld the legality of the search based "upon Gawron's consent to warrantless searches" and the following reasoning:

> Gawron contends that the probation condition which requires submission to warrantless searches constitutes an unreasonable invasion of his fourth amendment rights. However, we hold that such persons conditionally released to societies have a reduced expectation of privacy, thereby rendering intrusions by government authorities "reasonable" which otherwise would be unreasonable or invalid under traditional constitutional concepts. *See State v. Lingle*, 209 Neb. 492, 308 N.W.2d 531 (1981); *State v. Montgomery*, 115 Ariz. 583, 566 P.2d 1329 (1977).

---

[1] Two recent United States Supreme Court cases addressing the Fourth Amendment rights of probationers and parolees have expressly stated that the Court was not determining whether a probationer or parolee could completely waive his Fourth Amendment rights through his probation/parole conditions. In *United States v. Knights*, 534 U.S. 112, 118 (2001), the Court stated:

> We need not decide whether Knights' acceptance of the search condition constituted consent in the *Schneckloth* sense of a complete waiver of his Fourth Amendment rights, however, because we conclude that the search of Knights was reasonable under our general Fourth Amendment approach of "examining the totality of the circumstances" . . . .

In *Samson v. California*, 547 U.S. 843, 852 n. 3 (2006), the Court reiterated the language from *Knights*: "Because we find that the search at issue here is reasonable under our general Fourth Amendment approach, we need not reach the issue whether 'acceptance of the search condition constituted consent in the *Schneckloth* sense of a complete waiver of his Fourth Amendment rights.'" (quoting *Knights*, 534 U.S. at 118).

4

The scope of the search in the instant case well may have exceeded the permissible limits announced in *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). However, that decision acknowledged the existence of "well recognized exceptions" to the general rule requiring a warrant in order to conduct a house search. One of those exceptions set forth in *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), is "a search to which an individual consents . . . . *Zap v. United States*, 328 U.S. 624 [66 S.Ct. 1277, 90 L.Ed. 1477] (1946)."

We hold the decision in *Zap v. United States*, *supra*, analogous in the case at bar, for it upheld the validity of an advance waiver of fourth amendment rights which are akin to the provisions of the probation agreement in the instant case. In *Zap*, a government contractor agreed to a contract provision allowing agents of the government to review accounts and records of the contractor which the court held that the government agents would otherwise not have had absent the advance waiver. Evidence discovered pursuant to such an audit, in the absence of the contractor, was held to be legally obtained and admissible in the trial leading to his conviction.

In *State v. Blevins*, 108 Idaho 239, 697 P.2d 1253 (Ct. App. 1985), it was held that the issue of voluntary knowing and intelligent waivers is essentially a factual issue turning on the accused's state of mind, and lending itself to resolution by the trial court. Here, Gawron has made no allegation that his signature and acceptance of the order and conditions of probation were involuntary or done unintelligently.

112 Idaho at 843, 736 P.2d at 1297. We further noted that the three-prong test used by the Idaho Court of Appeals in *State v. Vega*, 110 Idaho 685, 718 P.2d 598 (Ct. App. 1986), which was based upon the reasonableness test of *State v. Pinson*, 104 Idaho 227, 657 P.2d 1095 (Ct. App. 1983), did not apply because the probationer had "expressly waived his constitutional right to be free from warrantless searches." *Id*.

The district court in this case relied on *State v. Pecor*, 132 Idaho 359, 972 P.2d 737 (Ct. App. 1998); *State v. Devore*, 134 Idaho 344, 2 P.3d 153 (Ct. App. 2000); and *State v. Spencer*, 139 Idaho 736, 85 P.3d 1135 (Ct. App. 2004), for the proposition that no reasonable suspicion is required "where the probationer or parolee actually waived his or her Fourth Amendment Rights or provided their consent to searches of their person, automobile, or property." *Devore* and *Spencer* involved searches of the homes of felony probationers by their probation officers, and the defendants in those cases were other residents of the homes. *See* 134 Idaho 344, 2 P.3d 153; 139 Idaho 736, 85 P.3d 1135. The defendants were found to not have reasonable and legitimate expectations of privacy in those homes when the homes were searched pursuant to the probation conditions. *Id*.

In *Pecor*, the defendant was arrested and charged with delivery of a controlled substance. 132 Idaho at 362, 972 P.2d at 740. While he was in jail following that arrest, a jailor informed

5

him that his probation officer had requested a urine sample. *Id*. at 364, 927 P.2d at 742. The defendant was a probationer at the time and had agreed to warrantless searches as a condition of his probation, but he asserted that the probation officer still needed "reasonable suspicion" to request a urine sample from him. *Id*. The Idaho Court of Appeals found the defendant's argument to be without merit based upon the court's reasoning that "the Idaho Supreme Court held that the 'reasonable grounds' requirement for warrantless searches by probation or parole officers does not apply when the individual who is the subject of the search has entered into a probation or parole agreement that includes a consent to warrantless searches." *Id*. The court pointed to *Gawron* in support of its proposition that reasonable suspicion is not required for searches pursuant to terms of probation.

In this case, Purdum was placed on probation for possession of a controlled substance. The district court's order of probation contained the following condition:

> The Defendant shall submit to *random* blood, breath and/or urine analysis upon the request of the Court, his probation officer or *any law enforcement official*.

(Emphasis added). A *random* evidentiary test is, by definition, one that may occur at any time and at any place. Thus, the language of Purdum's condition of probation is very similar to the language of the condition at issue in *Gawron*. That condition used the phrase "at any time and at any place by any law enforcement officer." Purdum's condition of probation constituted a similar express waiver of his constitutional right to be free from warrantless searches.

In addition, as was the case in *Gawron*, Purdum has not alleged that he did not accept the conditions of his probation or that his acceptance was involuntary or done unintelligently. *See Gawron*, 112 Idaho at 843, 736 P.2d at 1297. Rather, Purdum has argued on appeal, both before the Idaho Court of Appeals and this Court, that his consent was limited to the random evidentiary tests and that he did not consent to suspicionless seizure of his person for such testing.

The Idaho Court of Appeals directly addressed Purdum's claim that his consent to submit to random evidentiary testing did not mean that he consented to a seizure for such testing:

> While the Idaho Supreme Court has said that conditions of probation, especially a waiver of a Fourth Amendment right, cannot be implied, *State v. Klingler*, 143 Idaho 494, 496, 148 P.3d 1240, 1242 (2006), an officer must be able to temporarily detain a probationer in order to effectuate this search condition. Any other reading would render the provision a nullity. *See Brown v. State*, 127 P.3d 837, 844 (Alaska Ct.App.2006) (if a probationer's conditions of probation authorize suspicionless searches of the probationer's person, an officer who wishes to exercise this authority has the concurrent right to stop and temporarily detain the probationer in order to conduct the search); *People v. Viers*, 1

6

Cal.App.4th 990, 993-94, 2 Cal.Rptr.2d 667 (Cal.Ct.App. 1991) ("[p]ermission to detain is implicit in most Fourth Amendment waivers . . . . absent a detention the police cannot search a person and [areas] typically listed in Fourth Amendment waiver provisions"). . . .

*State v. Purdum*, 2008 WL 183377 at *4 (Idaho Ct. App. 2008) (footnote omitted). Thus, the Idaho Court of Appeals answered the question presented by Purdum's appeal and answered it correctly. Purdum consented to submit to random evidentiary testing and, therefore, he impliedly consented to a limited seizure of his person necessary to effectuate such searches.

## IV. CONCLUSION

For the reasons set forth above, we affirm the district court's denial of Purdum's motion to suppress.

Justices J. JONES, W. JONES, HORTON and TROUT, Pro tem, **CONCUR.**