## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 47612

STATE OF IDAHO,

    Plaintiff-Appellant,

v.

JEFFERY DWAYNE STEGALL,

    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)

Boise, September 2020 Term

Opinion Filed: December 22, 2020

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Cynthia K.C. Meyer, District Judge.

The decision of the district court is <u>affirmed</u>.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Appellant. Kenneth K. Jorgensen argued.

Eric D. Frederickson, State Appellate Public Defender, Boise, for Respondent. Sally J. Cooley argued.

---

BURDICK, Chief Justice.

This case arises from a DUI suspect's request to make a phone call from jail following his arrest. The State appeals an order of the Kootenai County district court granting Jeffery Dwayne Stegall's motion to suppress blood alcohol concentration (BAC) evidence obtained from a blood draw. The district court granted Stegall's motion after determining that his right to due process had been violated when police officers at the jail refused his request to make a phone call. The State argues on appeal that the district court erred in determining Stegall's due process rights were violated because the officers were not acting in bad faith when they failed to allow him access to a phone.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On the evening of June 21, 2019, three Idaho State Police troopers were out searching for a reported car accident when they came across a car parked on the shoulder of the interstate with

1

its rear left tire on the fog line. One of the troopers stopped to investigate while the other two continued to search for the reported accident. The trooper approached the vehicle and found Stegall slumped forward in the driver's seat. The trooper woke Stegall up by knocking on the front passenger window. The trooper then leaned toward the partially open back window to speak to Stegall and smelled the odor of alcohol coming through the window. He asked Stegall whether he was "all right." When Stegall responded, the trooper observed that his speech was slurred and his eyes were glassy and bloodshot. Based on his observations, the trooper suspected Stegall had been driving under the influence of alcohol and transitioned into a DUI investigation.

Unable to find the reported accident, the other troopers returned to provide back up for the first trooper at around 6:30 p.m. Shortly after the other troopers arrived, the first trooper asked Stegall to get out of the vehicle. They initially planned to question him and conduct field sobriety tests along the side of the road. However, after learning that he had an outstanding arrest warrant, they decided to arrest him and conduct field sobriety tests at the jail. On the way to the jail, Stegall stated several times that he wanted a lawyer and that he was going to get a lawyer.

At the jail, law enforcement officers obtained a warrant and drew Stegall's blood for BAC testing. During the blood draw, Stegall requested a lawyer several times. The officers at the jail had a difficult time hitting a vein while collecting a blood sample, obtaining only a partial sample from Stegall. After the blood draw, Stegall was moved into another room where there was no access to a phone. He asked several times to make a phone call, but was not allowed access to a phone until the next morning. The results of the blood test indicated that he had a BAC of 0.232 g/100 cc. The State subsequently charged Stegall with a felony for driving under the influence in violation of Idaho Code section 18-8004.

Before a trial could take place, Stegall filed a motion to suppress. He argued, among other things, that the State violated his right to due process by refusing to allow him to make a phone call until the morning after his arrest. The district court held a hearing where Stegall testified that he had asked the booking officer to let him make a phone call to a lawyer before the blood draw, but was ignored. He further testified that he asked the booking officer and several other officers for a phone call after the blood draw, but was not allowed access to a phone until the following morning.

After hearing the parties' arguments and taking the matter under advisement, the district court issued a written decision granting Stegall's motion to suppress in part. The district court

2

reasoned that Stegall's testimony that he asked the booking officer and other jail officers for access to a phone was not challenged with conflicting evidence by the State, and that due process required the officers to allow him to make a phone call once he had requested it. Because Stegall had not been allowed to use the phone until the next morning, when independent testing would no longer have been of evidentiary value, the district court concluded that Stegall's right to due process had been violated and ordered suppression of the BAC evidence on that basis.

The State timely appealed.

## II.  ISSUE ON APPEAL

Did the district court err in granting Stegall's motion to suppress the BAC test results on the ground that his right to due process was violated when he was not allowed a phone call until the morning after his arrest?

## III.  STANDARD OF REVIEW

"In reviewing a district court order granting or denying a motion to suppress evidence, the standard of review is bifurcated." *State v. Purdum*, 147 Idaho 206, 207, 207 P.3d 182, 183 (2009) (quoting *State v. Watts*, 142 Idaho 230, 232, 127 P.3d 133, 135 (2005)). "This Court will accept the trial court's findings of fact unless they are clearly erroneous but will freely review the trial court's application of constitutional principles to the facts found." *State v. Danney*, 153 Idaho 405, 408, 283 P.3d 722, 725 (2012) (citing *Purdum*, 147 Idaho at 207, 207 P.3d at 183). "Findings of fact are not clearly erroneous if they are supported by substantial and competent evidence." *Id.* (citing *State v. Bishop*, 146 Idaho 804, 810, 203 P.3d 1203, 1209 (2009)).

## IV.  ANALYSIS

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). The concept of due process is flexible in nature, calling for "such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

To determine whether state action violates an individual's right to procedural due process, three distinct factors must be considered: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural

3

safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 334–35 (citation omitted).

Stegall's "right to a fair opportunity to defend against the State's accusations" includes an interest in obtaining evidence to refute the State's evidence against him. The Court of Appeals analyzed a nearly identical issue in *State v. Carr*, 128 Idaho 181, 911 P.2d 774 (Ct. App. 1995). In that case, a police officer arrested Carr for driving under the influence and transported her to the county jail. *Id.* at 182, 911 P.2d at 775. At the jail, the officer was preparing to administer an evidentiary breath test when Carr asked for access to a phone so that she could contact an attorney. *Id.* The officer informed her that she did not have a right to an attorney before the breath test was administered. *Id.* After the administration of the breath test, Carr was taken to a holding cell where her repeated requests to contact an attorney were denied. *Id.* After approximately five hours had passed, she was allowed to make a phone call, which she used to contact a bondsman. *Id.*

Applying the first factor listed above, the Court of Appeals explained that the private interest at stake was the arrested individual's interest in "procuring evidence which would challenge the results of the State's BAC test." *Id.* at 184, 911 P.2d at 777. Given the "inherent exigency" that exists in a DUI setting because of the inevitable destruction of alcohol in the blood by the metabolism, the Court further reasoned that the "only opportunity for a defendant in a DUI case to gather exculpatory evidence is within a reasonable time following arrest and administration of the State's BAC test." *Id.* (citations omitted). Because a phone call provides the means by which an arrestee in a DUI case is able to gather evidence to refute the State's evidence of intoxication, the Court of Appeals concluded that "when a person is arrested for DUI and given an evidentiary BAC test, that person must be allowed, at a minimum, to make a phone call upon request to do so." *Id.*

The Court of Appeals is not alone in determining that a DUI arrestee has a due process interest in procuring evidence within a reasonable time after the State has tested the individual's BAC. *See, e.g.*, *Bilbrey v. State*, 531 So. 2d 27 (Ala. Crim. App. 1987), *abrogated on other grounds by State v. Thrasher*, 783 So. 2d 103 (Ala. 2000); *McNutt v. Superior Court*, 648 P.2d 122 (Ariz. 1982); *Brown v. Mun. Court*, 150 Cal. Rptr. 216 (Ct. App. 1978); *Jones v. State*, 409 S.E.2d 251 (Ga. Ct. App. 1991); *Scarborough v. State*, 261 So. 2d 475 (Miss. 1972); *State v.*

*Swanson*, 722 P.2d 1155 (Mont. 1986); *State v. Bumgarner*, 389 S.E.2d 425 (N.C. Ct. App. 1990); *State v. Choate*, 667 S.W.2d 111 (Tenn. Crim. App. 1983). We agree with the Idaho Court of Appeals, as well as other courts around the country, that Stegall had a due process interest in obtaining evidence to refute the State's case against him.

In the DUI context, this constitutional due process interest in obtaining evidence overlaps with the statutorily provided right to independent testing. *See* I.C. § 18-8002(4)(f).[1] The former is a broader constitutional right to obtain evidence used to build the case for one's innocence. The latter is a specific statutory right to independent BAC testing, triggered by the State's administration of its own test. *Id.* The statutory right is also evidence that the legislature appreciates the importance of an arrestee's ability to build his case for innocence without unreasonable interference by law enforcement officers. These concerns are further heightened in the context of BAC testing due to the truncated timeframe in which an arrestee may obtain meaningful independent evidence because of the body's natural metabolization of alcohol in the bloodstream. *See State v. Wulff*, 157 Idaho 416, 420, 337 P.3d 575, 579 (2014) (stating that the body's metabolization of alcohol is one factor to consider in an exigent circumstances analysis).

To invoke the statutory right to independent testing, the Court of Appeals has required that DUI arrestees do so explicitly. *State v. Hedges*, 143 Idaho 884, 887–88, 154 P.3d 1074, 1077–78 (Ct. App. 2007) ("[P]olice are not required to guess whether a defendant has asserted his or her right based upon the defendant's passing references to additional testing. We conclude that, once informed of this right, a defendant must make a clear and unambiguous statement of his or her desire to obtain an independent BAC test, such that a reasonable police officer under the circumstances would understand the statement to be an affirmative assertion thereof."). Indeed, the statute only prohibits the use of evidence obtained pursuant to evidentiary testing where the DUI arrestee has been denied the ability to obtain such testing. *See* I.C. § 18-8002(4)(f) ("The failure or inability to obtain an additional test or tests by a person shall not

---

[1] Idaho Code section 18-8002(4)(f) provides that:

> After submitting to evidentiary testing at the request of the peace officer, [a DUI arrestee] may, when practicable, at his own expense, have additional tests made by a person of his own choosing. The failure or inability to obtain an additional test or tests by a person shall not preclude the admission of results of evidentiary testing for alcohol concentration or for the presence of drugs or other intoxicating substances taken at the direction of the peace officer unless the additional test was denied by the peace officer.

I.C. § 18-8002(4)(f).

preclude the admission of results of evidentiary testing . . . unless the additional test was denied by the peace officer."). It stands to reason that an officer cannot *deny* additional evidentiary testing if it was never explicitly requested by the DUI arrestee in the first place.

Similarly, to invoke the constitutional due process right to gather evidence, a DUI arrestee must make clear to the State actors his desire to do so. There can be no doubt that a DUI arrestee who explicitly requests a phone call to obtain independent evidentiary testing has invoked both his statutory right to independent testing and his constitutional due process right to obtaining evidence to rebut the case against him. Denial of such a request for an unreasonable amount of time violates both rights.

However, this case is not so clear-cut. Stegall did not, at any point, state to any of the officers that his desire to make a phone call was for the purpose of obtaining independent evidentiary testing. Instead, Stegall's uncontroverted testimony was that he asked the booking officer for a phone call to a lawyer before his blood was drawn and that he repeated his phone call request to the booking officer and several other officers after his blood was drawn. He did not specify whether he mentioned contacting a lawyer in making his post-blood-draw requests for a phone call. These facts require us to consider two questions: (1) Is a DUI arrestee's request to make a phone call to contact an attorney sufficient to invoke his due process right to gather evidence?; and, if so, (2) did Stegall unequivocally request a phone call to an attorney? We answer both questions in the affirmative.

As to the first question, the Court of Appeals has explained that a request to call an attorney "is essentially considered the same as an outright request for alternative testing or evidence preservation." *State v. Jacobson*, 150 Idaho 131, 137 n.2, 244 P.3d 630, 636 n.2 (Ct. App. 2010) (citing *State v. Carr*, 128 Idaho 181, 911 P.2d 774 (1995)). As discussed above, the Court of Appeals also reasoned in *State v. Carr* that a phone call is the primary means by which a DUI arrestee is able to gather evidence to refute the State's case against him. 128 Idaho at 184, 911 P.2d at 777. In addition to arranging for independent BAC testing, a phone call could be used to

> arrange for a photograph to be taken to demonstrate that the arrestee's eyes were not bloodshot but were clear and white; prepare a tape recording to demonstrate that the arrestee had clear speech; videotape the arrestee to show that he or she has balance and is able to walk in a straight line; perform a gaze nystagmus test to show smooth eye pursuit at all angles; or simply serve as a witness who observed the aforementioned characteristics of sobriety.

6

*Id.* at 184–85, 911 P.2d at 777–78.

While we do not think a request to call an attorney meets the requirement that a DUI arrestee explicitly invoke his statutory right to independent evidentiary testing, we agree with the Court of Appeals that such a request is sufficient to invoke the broader constitutional due process right to procure evidence for his defense. A DUI arrestee who is detained without a means of communicating with the outside world has little to no ability to arrange for evidence to be gathered. Other than arranging for independent BAC testing himself, which would also typically require access to a phone, contacting an attorney very well may be a DUI arrestee's best hope of obtaining evidence to build his case. Unreasonably denying him access to a phone until after the alcohol in his blood has dissipated, despite his request to contact an attorney, interferes with his due process interest in obtaining such evidence. Other state courts have come to similar conclusions. *See, e.g.*, *McNutt*, 648 P.2d at 125 n.2 ("If after taking or refusing to take the test a defendant demands to contact a lawyer, he should promptly be given that opportunity."); *Scarborough*, 261 So. 2d at 477 ("To limit [a DUI arrestee's] access to an attorney or friends until after a certain number of hours have passed is in effect denying him effective means to prepare a defense.").[2] Therefore, we conclude that unreasonably denying a DUI arrestee's request for a phone call to contact an attorney violates the arrestee's right to due process. What is reasonable depends upon the circumstances of each case. *Bilbrey*, 531 So. 2d at 29.

Having determined that a request for a phone call to an attorney invokes the due process right to obtain evidence, we turn now to whether Stegall unequivocally made such a request in this case. Based on the uncontroverted testimony considered by the district court, we conclude that he did. Before the State's BAC test was administered, Stegall asked the booking officer if he could "get a phone call to a lawyer," but was never given an answer. He again asked the booking officer to let him make a phone call after his blood was drawn, though it is unclear from his testimony whether he indicated to the booking officer that the purpose of his request was still to contact an attorney. While it is true that a DUI arrestee has no right to access a phone or to call a lawyer *before* a BAC test is administered, *State v. Green*, 149 Idaho 706, 710, 239 P.3d 811, 815 (Ct. App. 2010), such a request can still help to inform State actors as to the purpose of a subsequent request. When Stegall again asked the booking officer for access to a phone after his

---

[2] Because we ultimately conclude in this opinion that Stegall unequivocally requested access to a phone for the purpose of contacting an attorney, we need not determine whether denying a DUI arrestee's request for a phone call would violate due process where the arrestee does not specify the intended purpose of the call.

blood was drawn, close in time to his original request and without any stated change in purpose, a reasonable officer would understand that the purpose of the requested call was the same as before—to contact an attorney. Therefore, we conclude that a DUI arrestee invokes his due process right to gather evidence when he unequivocally requests access to a phone to contact an attorney and that Stegall invoked that right in this case.

Having identified the private interest invoked in this case, we turn now to the second factor articulated in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (citation omitted). In analyzing this factor, we conclude that the procedure followed by the law enforcement officers in this case—ignoring a DUI arrestee's request to call an attorney until the morning after his arrest—presents a serious risk of erroneous deprivation of the DUI arrestee's interest in gathering evidence for his defense. Furthermore, the probable utility of additional procedural safeguards, such as allowing a DUI arrestee, upon his request, to make a phone call to an attorney within a reasonable time after the State administers a BAC test, is great. Such a phone call ensures that the DUI arrestee is given an opportunity to gather evidence to refute the charge against him.

As to the third and final factor, the additional fiscal or administrative burden of allowing a DUI arrestee to make a phone call to an attorney after administration of a BAC test is minimal. Jails typically have phones designated for use by detainees. Without evidence that a DUI arrestee's use of a phone would have posed a threat to officer safety or placed some other undue burden on law enforcement resources, the slight burden on the State does not outweigh the significant risk posed by denying Stegall's request to call an attorney. Therefore, we conclude that the officers' failure to grant Stegall's request for access to a phone to call an attorney within a reasonable amount of time denied him the opportunity to obtain independent evidence, and therefore, violated his right to due process.

Finally, the State argues that U.S. Supreme Court precedent requires a DUI arrestee to show bad faith on the part of law enforcement if the evidence the DUI arrestee seeks to obtain is of unknown exculpatory value. The State cites *Arizona v. Youngblood*, 488 U.S. 51 (1988), in support of its argument. However, *Youngblood* involved law enforcement failing to preserve evidence that it had already collected. *See Youngblood*, 488 U.S. at 53–54, 57 (explaining that the police's failure to put the clothing of a sexual assault victim in a refrigerator to preserve sensitive biological evidence was not a due process violation because the police had not acted in

8

bad faith). As discussed above, the present case implicates the State's duty to avoid impeding a defendant's ability to obtain evidence through his own investigation, as opposed to a duty to preserve evidence that it has already collected or discovered. As such, the bad faith analysis from *Youngblood* is inapplicable.

## V.   CONCLUSION

In light of the foregoing, we hold that the district court did not err in determining the jail officers violated Stegall's right to procedural due process when, despite his requests, they failed to allow him access to a phone for the purpose of contacting an attorney until the morning following his arrest. Accordingly, the district court's order granting Stegall's motion to suppress evidence of BAC is affirmed.

Justices BRODY, BEVAN, STEGNER and MOELLER **CONCUR.**