# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48572

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | **Boise, May 2021 Term** |
| | ) | |
| v. | ) | **Opinion Filed: June 29, 2021** |
| | ) | |
| SHELAINA DANYELL NEIMEYER, | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Thomas J. Ryan, District Judge.

The decision of the district court is <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Ben P. McGreevy argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Andrew V. Wake argued.

_____

BRODY, Justice.

This appeal hinges on whether Shelaina Danyell Neimeyer's argument concerning judicial notice of a municipal ordinance was properly preserved for appeal. After Neimeyer was charged with possession of methamphetamine, marijuana, and drug paraphernalia, she filed a motion to suppress evidence. Neimeyer contends the district court erred when it denied her motion because: (1) the State did not prove the existence of a City of Twin Falls ordinance; and (2) the district court was precluded from taking judicial notice of a municipal ordinance. After the Court of Appeals affirmed the district court's ruling, Neimeyer filed a petition for review with this Court, which was granted. Because Neimeyer raised her argument concerning judicial notice for the first time on appeal, we affirm the district court's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

An employee at a gas station in Twin Falls, Idaho, contacted the police about a vehicle that had been parked at the gas station for over an hour. The employee reported that a woman

1

who had previously purchased alcohol at the gas station—later identified as Neimeyer—had not moved from the vehicle for over 30 minutes. Consequently, Officers Tracy Thompson and Candace Comeau were dispatched at approximately 2 a.m. to conduct a welfare check.

After he arrived at the gas station and located Neimeyer, Officer Thompson inquired whether she had been drinking. In response, Neimeyer stated she had not consumed any alcohol that day. Officer Thompson observed an alcoholic beverage can on the center console of Neimeyer's vehicle, but Neimeyer explained that she was using the empty can as an ashtray. Officer Thompson asked Neimeyer if she needed any assistance, but she declined. At that time, Officer Comeau, who was positioned on the other side of the vehicle, observed a bottle of alcohol in the passenger compartment of Neimeyer's vehicle. The seal on the bottle had been broken, and the bottle was only partially full. Neimeyer tossed the bottle to the rear of the vehicle, commenting that she could now drive the vehicle.

Officer Comeau then asked Neimeyer about a small, closed container on the passenger seat. Neimeyer stated that the container was empty. When Officer Comeau asked Neimeyer if she could show the contents of the container to Officer Thompson, she demurred. As the district court noted:

> [Neimeyer] protested by stating, "Do I really got to? I mean, I haven't done anything wrong." Officer Thompson responded by stating, "Well, we have alcohol in the vehicle now. . ." [Neimeyer] then offered to "do a test," which this [c]ourt takes to mean a sobriety test based on the context of the conversation. Officer Thomson [sic] then stated, "That's fine. What's inside of the . . ." at which point [Neimeyer] opened the container and showed the contents to Officer Thompson.

After Neimeyer opened the container, Officer Thompson immediately smelled the odor of marijuana and, after shining his flashlight into the container, observed a green, leafy substance that he recognized as marijuana. Neimeyer quickly closed the container and placed it in her purse.

After Officer Thompson asked Neimeyer to exit her vehicle, she complied and took her purse with her. Neimeyer was placed in handcuffs and told she was being detained because of the alcohol found in her vehicle, the marijuana found in the container, and the possibility that she may be under the influence of drugs or alcohol. Officer Thompson then searched Neimeyer's purse and discovered incriminating evidence, including methamphetamine, marijuana, and drug paraphernalia. As the district court explained:

2

[Officer Thompson] found the black container, which contained a glass end to a vape with green and brown residue at the end. In addition, the purse contained small clear baggies containing a green leafy substance which Officer Thompson recognized as marijuana, a small amount of the green leafy substance in the black container, and a zip pouch containing a clear glass pipe with white and brown residue, which Officer Thompson suspected to be used to smoke methamphetamine. Also in the pouch were two plastic baggies containing white residue, which Officer Thompson recognized as methamphetamine, and a small gray pick, which Officer Thompson suspected to be used to clean residue out of pipes used in the smoking of methamphetamine and marijuana.

As a result, Officer Thompson informed Neimeyer she was under arrest for possession of methamphetamine. Officer Comeau transported Neimeyer to jail while Officer Thompson conducted an inventory search of Neimeyer's vehicle. During the inventory search, Officer Thompson found a clear baggie with white and brown particles inside which subsequently tested positive for methamphetamine.

The State charged Neimeyer with possession of methamphetamine, marijuana, and drug paraphernalia. Neimeyer filed a motion to suppress, arguing that the police did not have probable cause to search the small, closed container in her vehicle. During the suppression hearing, Officer Thompson testified that, under Twin Falls City Code section 6-2-6, it was a misdemeanor for Neimeyer to have an open bottle of alcohol in the passenger compartment of her vehicle. Relying on Officer Thompson's testimony, the prosecutor argued that the open bottle of alcohol that the police observed in the passenger compartment of Neimeyer's vehicle provided probable cause to believe a crime had been committed: "As Officer Thompson testified, that is a misdemeanor under Twin Falls City Code 6-2-6." The prosecutor also argued that Neimeyer voluntarily consented to opening the small container. Neimeyer did not object to Officer Thompson's testimony concerning Twin Falls City Code section 6-2-6, nor did she object to the prosecutor's statement referencing the municipal ordinance.

The district court subsequently issued its memorandum decision, holding that the search was valid because Neimeyer had voluntarily consented to opening the small container, or, in the alternative, that the search was valid under the inevitable discovery rule. As part of its analysis, the district court quoted Twin Falls City Code section 6-2-6 verbatim. After doing so, the district court found "that Officer Thompson's comment implying that he and Officer Comeau had probable cause to to [sic] arrest [Neimeyer] and conduct a search was accurate and did not render the consent of [Neimeyer] in opening the container invalid." Neimeyer did not object to the

3

district court's reliance on the City of Twin Falls ordinance in its decision, nor did she request an opportunity to be heard in accordance with Idaho Rule of Evidence 201(e) (providing that a request to be heard may be made after judicial notice has been taken in the absence of prior notification).

Neimeyer subsequently accepted a conditional plea agreement, but reserved the right to appeal the district court's denial of her motion to suppress. She was sentenced to not less than three and not more than six years in the penitentiary for possession of methamphetamine; 18 days incarceration for possession of marijuana; and 18 days incarceration for possession of drug paraphernalia. The three sentences were ordered to be served concurrently. The district court suspended the execution of Neimeyer's sentence to the Board of Correction and placed her on probation for four years.

Neimeyer timely appealed the district court's denial of her motion to suppress. The Court of Appeals, in an unpublished opinion, held that Neimeyer's argument concerning judicial notice was preserved for appeal. *State v. Neimeyer*, No. 46857, 2020 WL 2534003, at *3 (Idaho Ct. App. May 19, 2020). The Court of Appeals also held, however, that: (1) the district court properly took judicial notice of Twin Falls City Code section 6-2-6; and (2) there was substantial evidence supporting the district court's ruling that Neimeyer consented to the search of the container. *Id.* at *5. Neimeyer subsequently filed a petition for review with this Court.

## II. STANDARD OF REVIEW

When this Court grants a petition for review of a Court of Appeals decision, we give serious consideration to the views of the Court of Appeals, but we directly review the decision of the trial court. *State v. Gonzalez*, 165 Idaho 95, 97, 439 P.3d 1267, 1269 (2019) (quoting *State v. Barrett*, 163 Idaho 449, 451, 414 P.3d 1188, 1190 (2018)). Therefore, this Court treats the case as if it were on direct appeal from the trial court. *Id.*

When this Court reviews a trial court's order denying a motion to suppress evidence, the standard of review is bifurcated. *State v. Gonzales*, 165 Idaho 667, 671, 450 P.3d 315, 319 (2019) (quoting *State v. Purdum*, 147 Idaho 206, 207, 207 P.3d 182, 183 (2009)). Unless clearly erroneous, this Court will accept the trial court's findings of fact. *Id.* However, we will freely review the trial court's "application of constitutional principles to the facts as found." *State v. Bodenbach*, 165 Idaho 577, 589, 448 P.3d 1005, 1017 (2019) (quoting *State v. Moore*, 164 Idaho 379, 381, 430 P.3d 1278, 1280 (2018)).

4

## III. ANALYSIS

Neimeyer's appeal centers on her arguments that: (1) the State did not prove the existence of Twin Falls City Code section 6-2-6; and (2) the district court was precluded from taking judicial notice of a municipal ordinance. Importantly, however, Neimeyer did not raise these arguments below. Neimeyer did not object when the State and its witness referenced Twin Falls City Code section 6-2-6 at the suppression hearing. Further, Neimeyer did not object when the district court took judicial notice of the ordinance in its decision denying her motion to suppress, nor did she request an opportunity to be heard in accordance with Rule 201(e) of the Idaho Rules of Evidence. Moreover, Neimeyer has not argued on appeal that the district court's reliance on the City of Twin Falls ordinance constituted fundamental error. *See State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019) (quoting *State v. Bernal*, 164 Idaho 190, 193, 427 P.3d 1, 4 (2018)) (stating that an alleged error that is not followed by a contemporaneous objection is reviewed under the fundamental error doctrine).

Neimeyer contends that the issue concerning judicial notice was preserved for appeal because it is an *evolution* of her argument before the district court that the police did not have probable cause to justify a search of the container found in her vehicle. *See State v. Gonzalez*, 165 Idaho 95, 98, 439 P.3d 1267, 1270 (2019) (discussing the evolution of an argument). Neimeyer also argues, in the alternative, that the issue was preserved because the trial court *decided* the issue. She cites *State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998), for the proposition that she may raise an issue for the first time on appeal if the issue was decided by the trial court below. Neimeyer contends that, because the district court addressed Twin Falls City Code section 6-2-6 in its decision, this Court may consider whether the district court erred by taking judicial notice of a municipal ordinance.

This Court recently clarified how it will address legal arguments raised for the first time on appeal. *Gonzalez*, 165 Idaho at 96, 439 P.3d at 1268 (stating there is a need to clarify when new issues may be addressed on appeal). In doing so, this Court stated that it "will not hold that a trial court erred in making a decision on an issue . . . that it did not have the opportunity to address." *Id.* at 99, 439 P.3d at 1271. Rather, in most instances, a party must raise an issue before the trial court in order to preserve the issue for appeal. *Id.*

> [D]uring the time of an appeal, parties will ruminate on issues and case law will be decided that may need to be applied to the specific facts of the case at hand. However, these pragmatic evolutions do not leave room for a party to raise new

5

substantive issues on appeal or adopt a new position on an issue that the trial court has not had the opportunity to rule on.

*Id.* at 98, 439 P.3d at 1270. In short, "substantive issues may not be raised for the first time on appeal . . . ." *Id.*

Here, Neimeyer argued below that the police did not have probable cause to search the container found in her vehicle. In her memorandum in support of her motion to suppress, Neimeyer argued:

> In this case, officers did not have the necessary objective facts that would lead a reasonable person to believe that the small canister would contain contraband. Nothing suspicious and indicative of drugs was in plain view, or "plain smell". Ms. Neimeyer had a rational explanation for her presence in the parking lot. There was no reason to think alcohol would be kept in a small canister. Furthermore, possessing an open container of alcohol in a vehicle is not even a crime when the vehicle is not on a highway or right of way. The officers' hunch would not have supported issuance of a warrant, and does not support probable cause for a warrantless search.

She advanced a similar argument at the suppression hearing.

During the suppression hearing, Officer Thompson stated, "When I approached the vehicle, I suspected I had at least an open container, which is a misdemeanor violation within the city code of having an open container in the parking lot." In response to a question from the prosecutor, Officer Thompson stated he was referring to Twin Falls City Code section 6-2-6. Citing the same ordinance, the prosecutor later argued that it provided probable cause that Neimeyer had committed a crime: "As Officer Thompson testified, [an open container] is a misdemeanor under Twin Falls City Code 6-2-6." Finally, the district court quoted the ordinance verbatim. Neimeyer did not object to Officer Thompson's testimony concerning the City of Twin Falls ordinance at the suppression hearing, nor did she object to the prosecutor's argument. Further, she did not object to the district court's reliance on Twin Falls City Code section 6-2-6 in its decision denying her motion to suppress. Additionally, Neimeyer's notice of appeal and amended notice of appeal do not reference the district court taking judicial notice of the City of Twin Falls ordinance as an issue on appeal.

That said, Neimeyer argues that this issue was preserved for appeal because it is an *evolution* of her probable cause argument or, in the alternative, because the district court *decided* the issue below. Neimeyer's arguments are unavailing, however, because this issue and Neimeyer's position on this issue were not raised below.

6

We will not hold that a trial court erred in making a decision on an issue or a party's position on an issue that it did not have the opportunity to address. To be clear, both the issue and the party's position on the issue must be raised before the trial court for it to be properly preserved for appeal.

*Gonzalez*, 165 Idaho at 99, 439 P.3d at 1271.

Here, the district court did not have an opportunity to address Neimeyer's contention that a district court may not take judicial notice of a municipal ordinance. Stated differently, the issue concerning judicial notice and Neimeyer's position regarding that issue were not raised below. Rather, the issue of judicial notice was raised for the first time on appeal. Fairly viewed, Neimeyer's argument concerning judicial notice is not a natural progression or refinement of the probable cause argument she asserted below—it is an entirely new argument that is unrelated to the issues addressed by the district court. Further, the issue was not "decided by" the district court. *See DuValt*, 131 Idaho at 553, 961 P.2d at 644. As previously explained, Neimeyer did not object when the State and its witness referenced Twin Falls City Code section 6-2-6 at the suppression hearing, nor did she object when the district court relied on the ordinance in its decision. Consequently, the district court never *decided* the issue of whether a trial court may take judicial notice of a municipal ordinance or the procedure to be used.

In short, because the district court never had an opportunity to address Neimeyer's argument below, the issue was not preserved for appeal. *Gonzalez*, 165 Idaho at 99, 439 P.3d at 1271. Thus, we are not afforded an opportunity to address whether a district court is precluded from taking judicial notice of a municipal ordinance.

## IV. CONCLUSION

Because Neimeyer's argument regarding judicial notice was not properly preserved for appeal, we affirm the district court's decision concerning the motion to suppress and the judgment of conviction.

Chief Justice BEVAN, and Justices BURDICK, STEGNER, and MOELLER CONCUR.

7