**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48422**

| | |
|---|---|
| ADAM DEACON FOSTER,<br><br>  Petitioner-Appellant,<br><br>v.<br><br>STATE OF IDAHO,<br><br>  Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed: November 17, 2021**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara Buchanan, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Adam Deacon Foster appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Foster alleges the district court erred by taking judicial notice of the entire case file from the underlying criminal case. Because Foster did not preserve his claim regarding judicial notice for appeal, the district court's judgment summarily dismissing Foster's petition for post-conviction relief is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Foster pleaded guilty to two counts of attempted murder with an infliction of great bodily injury enhancement. For each charge, the district court imposed a unified term of incarceration of twenty-five years, with twelve-and-one-half years determinate, to run consecutively to each other. Foster filed a petition for post-conviction relief alleging his trial counsel was ineffective by failing

1

to introduce mitigating evidence during sentencing and failing to obtain a second opinion on Foster's mental health before Foster entered his guilty plea.

The district court appointed post-conviction counsel to represent Foster. Counsel provided notice that no amended petition would be filed, and the State filed a motion for summary disposition. Subsequently, Foster filed a synopsis of facts and timeline and requested a reduction in sentence.

The district court took judicial notice of the record in Foster's underlying criminal case and granted the State's motion for summary disposition. The district court found that the record disproved Foster's claims of ineffective assistance of counsel and that Foster's claim of a misdiagnosed mental illness was not supported by evidence. The district court entered judgment dismissing Foster's petition for post-conviction relief. Foster timely appealed.

## II.

## STANDARD OF REVIEW

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). To properly preserve an issue for appellate review, both the issue and the party's position on the issue must be raised before the trial court. *State v. Hoskins*, 165 Idaho 217, 222, 443 P.3d 231, 236 (2019).

## III.

## ANALYSIS

On appeal, Foster asserts the district court erred by taking judicial notice of the record without complying with the specificity requirement of Idaho Rule of Evidence 201(c). In response, the State asserts Foster's argument was not preserved for appeal because Foster did not raise the claim in the district court. Foster acknowledges that the Idaho Supreme Court's recent decision in *State v. Neimeyer*, 169 Idaho 9, 14, 490 P.3d 9, 14 (2021) controls whether the issue has been preserved. In *Neimeyer*, the defendant argued on appeal that the district court erred by taking judicial notice of a municipal ordinance. *Id.* at 13, 490 P.3d at 13. The Idaho Supreme Court explained that the district court did not have the opportunity to address the issue below because the defendant did not object to the district court's reliance on the ordinance or testimony concerning the ordinance. *Id.* at 14, 490 P.3d at 14. Accordingly, the Court held that because the challenge was not raised in the trial court, the issue concerning judicial notice was not preserved for appeal. *Id.*

Similar to *Neimeyer*, Foster did not object when the district court took judicial notice of the underlying record and, thus, the district court did not have an opportunity to address the issue. Consequently, the issue was not preserved for appellate review. As there is no issue for this Court to review, the district court's judgment summarily dismissing Foster's petition for post-conviction relief is affirmed.

## IV.
## CONCLUSION

Foster's only argument on appeal was not preserved. Accordingly, the district court's judgment summarily dismissing Foster's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.